**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| JON THOMAS | ) | Case No._____ |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUTO WHOLESALERS OF | ) | |
| NEW ENGLAND, INC., | ) | |
| PERSIAN ACCEPTANCE CORP. | ) | |
|     Defendants | ) | |

**COMPLAINT AND REQUEST FOR JURY TRIAL**

**Introduction**

1. Plaintiff institutes this complaint seeking actual and statutory damages, attorney's fees and costs for violation of the federal Truth In Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and Regulation Z, 12 C.F.R. §1026, promulgated thereto, and for violations of the Massachusetts Consumer Credit Cost Disclosure Act Mass. Gen. Laws ch. 140D ("MCCCA"). Additionally, Plaintiff seeks monetary damages or reformation of the contract, attorney's fees and costs pursuant to the Massachusetts Motor Vehicle Retail Installment Sales Act, Mass. Gen. Laws ch. 255B, ("MVRISA) and the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, ("Chapter 93A")

**Jurisdiction and venue**

2. The jurisdiction in this court for the First Cause of Action is invoked pursuant to the Truth in Lending Act, 15 U.S.C. § 1640(e) and 20 U.S.C. §§1331, 1337. See also Bizier v. Globe Financial Services, Inc., 654 F.2d 1, 2 (1st Cir. 1981)

3. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue in proper pursuant to 28 U.S.C. § 1391(b) because as substantial portion of the events and omissions giving rise to this complaint occurred within this judicial district.

**Parties**

5. The Plaintiff Jon Thomas is natural person who at all relevant times has lived in Malden, Massachusetts.

6. Defendant Auto Wholesalers of New England, inc. ("AWNE") is a used car dealer and, on information and belief, a Massachusetts corporation with a principal place of business in Malden, Massachusetts.

7. Defendant Persian Acceptance Corp. ("Persian") on information and belief is a New Hampshire corporation with principal place of business in Manchester, New Hampshire.

**Statement of Facts**

8. On Wednesday October 17, 2012, Thomas went to AWNE to test drive a 2005 Cadillac DeVille VIN 1G6KD54Y75U187329.

9. On that date Thomas signed a purchase agreement for the vehicle for $9,299.00, however, there was no agreement as to financing or other add ons. [Exhibit A].

10. On Friday October 19, 2012, Thomas returned to AWNE to finalize transaction and pick up the vehicle. On that date Thomas and AWNE agreed to the financing of the vehicle by executing the Retail Installment Sale Agreement ("RISA"). [Exhibit B]

11. The RISA was assigned to defendant Persian.

12. The Truth in Lending Act disclosures on the RISA stated an amount financed of $10,213 at an annual percentage rate ("APR") of 21.000% payable in 182 weekly installments of $79.66

with the first payment due Monday October 29, 2012. The disclosed total financing charge was $4,285.12.

13. The printed date of execution on the top of the RISA "10/15/12" even though the plain face of the RISA has the signature of both Thomas and the AWNE representative dated on October 19, 2012.

14. A loan with the payment schedule as disclosed on the RISA with an execution date of October 15, 2012 has an APR as calculated by of 20.992%.

15. However, a loan with the payment schedule as disclosed on the RISA with and execution date of October 19, 2012 has an APR of 21.140%.

16. Thomas made weekly payments of $79.66 to Persian beginning October 29, 2013. These payment included amounts attributed to finances charges including interest.

17. As of the date of this complaint, Thomas is current in all payments due under the RISA.

## COUNT I
### Truth in Lending Act
### 15 U.S.C. §§ 1601 et seq.
### (Both Defendants)

18. The allegations of paragraphs 1 – 17 are incorporated herein as if fully set forth.

19. The RISA was a closed ended consumer credit transaction with a regular payment schedule.

20. Both AWNE and Persian are creditors who regularly extent automobile loans to consumers.

21. The RISA was consummated on October 19, 2012, the date it was signed by Thomas and the AWNE signed. *See* Mass. Gen. Laws ch. 255B, § 9 ("A [motor vehicle] retail installment contract shall be in writing and shall be signed by both the buyer and the seller")

22. The RISA was back-dated to October 15, 2012. The effect of which was to under represent the APR by 0.140%, greater than one-eighth of a percentage point (0.125%) in volition of Mass. Gen. Laws Ch. 140D, § 5(c), and 209 Mass. Code Regs. § 32.22(1)(b) as incorporated

by the Truth in Lending Act. *See* DiVittorio v. HSBC Bank USA, NA, 670 F.3d 273, 282 (1st Cir. 2012).

23. This violation was clear on the face of the RISA.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment for the plaintiff:

(a) Awarding statutory damages of twice the financing charges up to $2,000.00. 15 U.S.C. §§ 1640(a)(2)(A), 1641;

(b) Alternatively, statuary damages of twice the financing charges up to $1,000.00. Mass. Gen. Laws Ch. 140D, § 32(a)(2)(a);

(c) Awarding plaintiff costs of suit and reasonable attorney's fees; 15 U.S.C. § 1640(a)(3); Mass. Gen. Laws Ch. 140D, § 32(3); and

(d) ordering such further relief as shall be just and proper.

## COUNT II
### Massachusetts Motor Vehicle Retail Installment Sales Act, Mass. Gen. Laws Ch. 255B
### (Both Defendants)

24. The allegations of paragraphs 1 – 23 are incorporated herein as if fully set forth.

25. The RISA is a motor vehicle retail installment contract entered into in Massachusetts. Mass. Gen. Laws ch. 255B, § 1.

26. AWNE is a retail seller of motor vehicles. Id.

27. Persian is the assignee and holder of the RISA. Id. §§ 1, 19A

28. The RISA Finance Charge measured from the true date of consummation is at an APR in excess of 21%, in violation of the Massachusetts Motor Vehicle Retail Installment Sales Act. Mass. Gen. Laws ch. 255B, § 14.

29. As such the Defendants are bared from collection collect *any* finance charge, delinquency or collection charge. Mass. Gen. Laws ch. 255B, § 22.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment for the plaintiff:

(a) Reforming the RISA to lower scheduled payments as to only cover repayment of the principal, and bar the collection of any future finance charge, delinquency or collection charge; and

(b) Reimbursement of all financing charges and collection charges already paid by Thomas;

(c) Alternatively, reformation of the RISA to reduce scheduled payments to the amount of outstanding principal less the finance charges and collection charges previously paid by Thomas.

(d) Awarding interest and costs; and

(e) ordering such further relief as shall be just and proper.

## COUNT III
## Unjust Enrichment
## (Persian)

30. The allegations of paragraphs 1 – 29, above, are incorporated herein as if fully set forth.

31. Persian collected payments from Thomas attributable to finance charges and/or collection charges.

32. The Finance Charge measured from the true date of consummation of the RISA is at an APR in excess of twenty-one percent (21%) in violation of the Massachusetts Motor Vehicle Retail Installment Sales Act. Mass. Gen. Laws ch. 255B, § 14.

33. Persian's retention of Thomas payments applied to finance charges and/or collection charges, is unlawful and unjust.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment for the plaintiff:

    (a) Awarding restitution of the funds collected by Persian attributed to finance charges and/or collection charges; and

    (b) interest and costs;

    (c) ordering such further relief as shall be just and proper.

**COUNT IV**
**Massachusetts Consumer Protection Act**
**Mass. Gen. Laws ch. 93A**
**(AWNE)**

34. The allegations of paragraphs 1 – 34, above, are incorporated herein as if fully set forth.

35. At all relevant times, AWME was engaged in trade or commerce.

36. AWNE's conduct as described herein was unfair and/or deceptive in violation of Mass. Gen. Laws ch. 93A, section 2, including but not limited to the following respects:

    a. Violation of the Massachusetts Consumer Credit Cost Disclosure Act. Mass. Gen. Laws Ch. 140D, § 34.

    b. Violation of the Motor Vehicle Retail Installment Sales Act and/or other Massachusetts statutes and regulations designed to protect consumers. 940 Mass. Code Regs. § 3.16(3).

    c. Violation of the Federal Consumer Credit Protection Act and/or other federal consumer protection statutes. 940 Mass. Code Regs. § 3.16(3).

37. The aforesaid unlawful conduct of AWNE was willful and wanton in nature.

38. On April 23, 2013 plaintiff sent AWNE via certified mail, a formal written notice demand for settlement pursuant to Chapter 93A, section 9. A copy of the letter is attached as Exhibit C.

39. On May 31, 2013 the AWNE's Attorney David Fulmer sent a reply to the demand letter. A copy of the reply letter is attached as Exhibit D.

40. AWNE's reply letter offered to consider the possibility of unwinding the purchase of the vehicle.

41. However, AWNE did not reply to subsequent attempts from Thomas to initiate a dialog about unwinding the purchase of the vehicle.

42. As such, AWNE did not in good faith offer unwind the purchase or otherwise make a reasonable tender of settlement in response Thomas' Chapter 93A demand letter.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against AWNE:

(a) Awarding plaintiff actual damages, or in the alternative $25.00 for each unfair and deceptive act, whichever is greater.

(b) doubling or trebling any damages awarded pursuant to Mass. Gen. Laws ch. 93A, Section 9;

(c) awarding plaintiff interest, costs of suit, and reasonable attorney's fees; and

(d) ordering such further relief as shall be just and proper.

**Plaintiff claims trial by jury for all issues to triable.**

Jon Thomas,
Plaintiff

By his attorney:

/s/ Sebastian Korth
Sebastian Korth, Esq.
BBO # 676127
Korth Law Office
77 Franklin Street, Suite 300
Boston, MA 02110
p 617-259-1955
f 617-238-2167
SKorth@korthlawoffice.com